FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2013 OCT -3 PM 2:14

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2013 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 13- **CR13-0723** |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 371: Conspiracy; 16 U.S.C. §§ 3372(d)(1) and 3373(d)(3)(A)(i): Making and Submitting a False Record for Wildlife Imported, Exported, Transported, Sold, Purchased, and Received from a Foreign Country; 18 U.S.C. § 545: Transportation and Sale of Merchandise Imported Contrary to Law; 18 U.S.C. § 541: Entry of Goods Falsely Classified; 21 U.S.C. §§ 331(a), 333(a)(2), and 343(a)(1): Introduction of a Misbranded Food into Interstate Commerce with the Intent to Defraud or Mislead; 18 U.S.C. § 1956(a)(2)(A): Transporting Funds to Promote Unlawful Activity; 18 U.S.C. § 2: Aiding and Abetting, and Causing an Act to be Done; 18 U.S.C. §§ 545, 981(a)(1)(A), 981(a)(1)(C), 1956(a)(2)(A); 19 U.S.C. § 1595(a); 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| LIN LIANG, aka "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," | |
| Defendants. | |

JOJ:joj

The Grand Jury charges:

<u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this indictment:

A.   <u>THE DEFENDANTS</u>

1.   Defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung" (defendant "LIANG"), and DENIAN FU, aka "Daniel Fu" (defendant "FU"), were husband and wife.  Together, they owned and operated defendant UBF GROUP, INC., doing business as "Nu-Health Products Company" (defendant "UBF GROUP").

2.   Defendant UBF GROUP was located at 20875 Currier Road, Walnut, California.  Defendant UBF GROUP was in the business of importing, packaging, distributing, and selling various food and dietary supplement products throughout the United States and other countries.

3.   Defendant LIANG was president of defendant UBF GROUP.

4.   Defendant FU was vice president of UBF GROUP.

5.   These Introductory Allegations are incorporated into each and every count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than on or about April 23, 2007, and continuing to on or about March 31, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIANG, FU, and UBF GROUP, and others known and unknown to the Grand Jury, knowingly conspired and agreed to commit the following offenses against the United States:

1.   to knowingly make and submit false records for wildlife, namely, seal oil, that was imported, exported, transported, sold, purchased, and received from a foreign country, in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i);

2.   to fraudulently and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of such merchandise, namely, seal oil, after importation, knowing that such merchandise had been imported and brought into the United States contrary to law, specifically, Section 1372(a)(4)(B) of the federal Marine Mammal Protection Act, 16 U.S.C. §§ 1361, et seq., that forbids the transportation, purchase, sale, export, and offer to purchase, sell, and export any marine mammal product for any purpose other than public display, scientific research, or enhancing the survival of a species, all in violation of Title 18, United States Code, Section 545;

3.    to knowingly effect the entry of goods, wares, and merchandise, upon a false classification as to value and by the payment of less than the amount of duty legally due, in violation of Title 18, United States Code, Section 541;

4.    to introduce and deliver for introduction into interstate commerce, with the intent to defraud and mislead, any food that is misbranded, in violation of Title 21, United States Code, Sections §§ 331(a)(1), 333(a)(2), and 343(a)(1); and

5.    to transport, transmit, and transfer funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, entry of goods falsely classified, an offense under Title 18, United States Code, Section 541, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.    Defendants LIANG and FU would own and operate defendant UBF GROUP in their respective capacities as president and vice president of the company.

2.    Defendants LIANG and FU would decide what food and dietary supplement products to purchase from defendant UBF GROUP's suppliers.

3.    Defendants LIANG and FU would direct an employee of defendant UBF GROUP, an unindicted co-conspirator known to the Grand Jury ("UCC #1"), to prepare purchase orders for specific

4

1   food and dietary supplement products to be purchased from a

2   supply company in China operated by another unindicted co-

3   conspirator known to the Grand Jury ("UCC #2").

4          4.   At the direction of defendants LIANG and FU, UCC #1

5   would submit the purchase orders to employees of UCC #2 by email

6   or facsimile.

7          5.   Defendants LIANG and FU would direct UCC #1 to

8   instruct Chinese employees of UCC #2 to prepare a true sales

9   invoice and a false sales invoice for each purchase order

10  submitted by defendant UBF GROUP to UCC #2.

11         6.   Specifically, defendants LIANG and FU would direct UCC

12  #1 to instruct Chinese employees of UCC #2 to prepare false

13  sales invoices for the food and dietary supplement products

14  supplied by UCC #2's business that valued the products at 50% of

15  their true sales price for submission to United States Customs

16  officials to be used to determine applicable import duties

17  legally due and owed by defendant UBF GROUP at the time the

18  products entered the United States.

19         7.   After submission of each purchase order to UCC #2 in

20  China, defendants LIANG and FU would cause funds in the amount

21  of 50% of the true sales price to be transmitted by wire

22  transfer from the United States to UCC #2 in China as a down

23  payment on the food and dietary supplement products supplied by

24  UCC #2's business.

25         8.   After receipt of each down payment from defendant UBF

26  GROUP, UCC #2 would cause the corresponding food and dietary

27  supplement products to be exported from China to defendant UBF

28  GROUP in Los Angeles County, California.

9.   At the time each shipment of food and dietary supplement products entered the United States from UCC #2 in China, defendants LIANG and FU would cause the corresponding false sales invoice to be submitted to United States Customs officials.  As a result of the submission of each false sales invoice, defendants LIANG and FU would cause the United States to be paid approximately 50% of the import duties actually due and owed by defendant UBF GROUP for each importation of products from UCC #2 in China.

10.   Defendants LIANG and FU would direct UCC #1 to purchase seal oil from UCC #2 in China.

11.   Defendants LIANG and FU would direct UCC #1 to instruct a Chinese employee of UCC #2, an unindicted co-conspirator known to the grand jury ("UCC #3"), to falsely label and describe the seal oil on shipping containers, shipping documents, and sales invoices as "fish oil."

12.   At the instruction of UCC #1, UCC #3 would falsely label and describe the seal oil on shipping containers, shipping documents, and sales invoices as "fish oil."

13.   UCC #1 would then export the seal oil falsely labeled and described as "fish oil" from China to defendant UBF GROUP in Los Angeles County, California.

14.   Defendant UBF GROUP would receive the falsely labeled seal oil after importation and then distribute, transport, and sell the seal oil on a commercial basis to customers throughout the United States, Canada, and Vietnam, including customers within the Central District of California.

15.   Defendants LIANG and FU would direct UCC #1 to purchase food products, including honey bee royal jelly, honey bee propolis, and lamb placenta, from UCC #2 in China.

16.   Defendants LIANG and FU would direct UCC #1 to instruct UCC #3 to falsely label and describe the honey bee royal jelly, honey bee propolis, and lamb placenta in shipping documents and sales invoices as "aloe vera," "gingko biloba," and "multi-vitamins."

17.   At the instruction of UCC #1, UCC #3 would falsely label and describe the honey bee royal jelly, honey bee propolis, and lamb placenta in shipping documents and sales invoices as "aloe vera," "gingko biloba," and "multi-vitamins."

18.   UCC #1 would then export the honey bee royal jelly, honey bee propolis, and lamb placenta falsely labeled and described as "aloe vera," "gingko biloba," and "multi-vitamins" from China to defendant UBF GROUP in Los Angeles County, California.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants LIANG, FU, UBF GROUP, and other co-conspirators, both known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to the following:

1.   On or about February 7, 2007, UCC #1 emailed purchase order #SIR0206 for various food and dietary supplement products to a Chinese employee of UCC #2, an unindicted co-conspirator known to the grand jury ("UCC #4"), stating, in part, "We *will*

1  *wire money 50% down before the new year holiday.   By the way, If*
2  *Bee use Gingle instead or Royal Jelly instead.   Please advise*
3  *us.   Thank You Jannet Nu-Heatlh."*

4      2.   On or about February 8, 2007, UCC #1 emailed revised
5  purchase order #SIR0206 for various food and dietary supplement
6  products, including 2,000,000 capsules of honey bee propolis to
7  UCC #4.   The revised purchase order listed a total purchase
8  price of $75,495.80 and stated, "**Please adjust the items'*
9  *price to half of their original price for custom duties purpose*
10  *… THANKS Jannet."*

11      3.   On or about February 14, 2007, defendants LIANG and FU
12  caused approximately $37,397.00 to be transmitted to UCC #2 by
13  wire transfer as a 50% down payment on purchase order #SIR0206.

14      4.   On or about March 29, 2007, UCC #4 prepared and sent
15  to UCC #1 a sales invoice for purchase order #SIR0206.   The
16  sales invoice stated that the true value for the goods listed in
17  purchase order #SIR0206 was $75,933.00.

18      5.   On or about April 23, 2007, defendant UBF GROUP
19  imported the food and dietary products associated with purchase
20  order #SIR0206 into the United States from China under Customs
21  Entry #GH6-0185153-4.   The Customs entry documents falsely
22  described the 2,000,000 capsules of honey bee propolis as
23  "Gingko soft capsule," and falsely declared the value of the
24  import shipment as $36,367.00, approximately 50% of the true
25  value of $75,933.00.

26      6.   On or about April 23, 2007, defendants LIANG and FU
27  caused approximately $2,321.42 to be paid to United States
28  Customs officials, instead of the approximately $4,847.65 that

was truly due and owed by defendant UBF GROUP based upon the $75,495.80 value of the goods stated in revised purchase order #SIR0206.

7.   On or about May 7, 2007, defendants LIANG and FU caused approximately $35,776.10 to be transmitted by wire transfer to UCC #2 as the remaining payment for the products associated with purchase order #SIR0206.

8.   On or about October 12, 2007, UCC #1 sent UCC #3 and defendant FU an email that stated, in part, *"Hi Alex, … Please find our new PO#.   We know some items could not export for your country, and suggest that Gingo 100mg is replace for Bee Propolis.   Gingo 60mg is Same.   Royal Jelly is same with Aloe instead.   Or you have better ideas for those items.   You could contact us.... Jannet Nu-Health Products."*

9.   On or about October 17, 2007, UCC #1 sent revised purchase order #SIR1012, dated October 12, 2007, for various food and dietary supplement products, including 1,000,000 capsules of honey bee "Royal Jelly," 3,000,000 capsules of "bee propolis," and 1,000,000 capsules of "Gingo Billoba," to UCC #3 and defendant FU.   The revised purchase order listed a total purchase price of $90,353.80 for these items and stated, *"**Please adjust the items' price to half of their original price for custom duties purpose … THANKS Jannet."*

10.   On December 3, 2007, defendant UBF GROUP imported the food and dietary products associated with revised purchase order #SIR1012 into the United States from China under Customs Entry #GH6-0190045-5.   The Customs entry documents falsely described the honey bee royal jelly as "Aloe vera soft capsules" and the

9

1  honey bee propolis as "Gingko Soft Capsule."  The Customs entry

2  documents further falsely declared the value of the import

3  shipment as $45,148.28, approximately 50% of the true value of

4  $90,353.80 noted on revised purchase order #SIR1012.

5      11.  On or about July 9, 2008, UCC #1 emailed UCC #3

6  stating, in part, *Dear Alex, … Re: Seal Oil 500mg.  Do you make*

7  *seal oil 500mg?  If so, please quote price, we have 3MM order*

8  *for our customer.  Waiting for you answer.  Thank you.  Best*

9  *Regards, Jannet Nu-Health Products."*

10     12.  On or about July 14, 2008, UCC #3 emailed UCC #1

11 stating, in part, *Dear Jannet, … Seal Oil 500mg: The price is*

12 *$7.22/1000caps CIF LA.  Attached is the Product specification*

13 *for your reference.  It will be exported in the name of Fish Oil*

14 *due to the restriction.  Best regards."*

15     13.  On or about August 8, 2008, UCC #1 emailed UCC #3

16 purchase order #SIR0808 for various food and dietary supplement

17 products, including seal oil and honey bee royal jelly.  The

18 email stated, in part, *"Enclosed please find our new 20'*

19 *container PO, including Seal Oil.  It is important that seal oil*

20 *is changed to fish oil 400mg for U.S. Custom purpose.  If you*

21 *have any question, please let me know.  Thanks you.  Best*

22 *Regards, Jannet Nu-Health Products."*  The purchase order

23 attached to the email listed a total purchase price of

24 $86,950.00 and stated, *"**Please adjust the items' price to half*

25 *of their original price for custom duties purpose."*  A note in

26 bolded type at the bottom of the purchase order stated, ***"Seal***

27 ***Oil chang name to Fish Oil 400mg THANKS, Jannet."***

28

14.   On or about August 14, 2008, defendant UBF GROUP transmitted approximately $43,085.00 to UCC #2 as a down payment for the products associated with purchase order #SIR0808.

15.   On or about October 9, 2008, defendant UBF GROUP imported the food and dietary products associated with purchase order #SIR0808 into the United States from China under Customs Entry #GH6-0195654-9.   The Customs entry documents falsely described the imported seal oil capsules as "fish oil soft capsules" and the honey bee royal jelly capsules as "Aloe Vera soft capsules."   The Customs entry documents further falsely declared the value of the import shipment as $43,085.00, approximately 50% of the true value of $86,950.00 noted on purchase order #SIR0808.

16.   On or about October 9, 2008, defendants LIANG and FU caused approximately $2,642.24 to be paid to United States Customs officials, approximately 50% of the amount that was truly due and owed by defendant UBF GROUP based upon the $86,950.00 value of the goods stated in purchase order #SIR0808.

17.   On or about October 15, 2008, UCC #3 emailed UCC #1 and defendant FU, confirming the name and ingredient details of the   food and dietary supplement products shipped to defendant UBF GROUP under purchase order #SIR0808, including seal oil and honey bee royal jelly.

18.   Between on or about October 9, 2008, and on or about March 31, 2010, employees of defendant UBF GROUP sold approximately 3,734,800 capsules of the seal oil, imported on October 9, 2008 and falsely described as "fish oil soft

1 capsules," to numerous customers located throughout the United
2 States and other countries.

3     19.  On or about September 20, 2008, defendant UBF GROUP
4 imported into the United States from China approximately
5 3,000,000 capsules of lamb placenta purchased from UCC #2.  The
6 capsules of lamb placenta were falsely described in Customs
7 entry documents as capsules of "Aloe Vera."

8     20.  On or about May 8, 2009, UCC #1 emailed UCC #3
9 purchase order #SIR0508 for various food and dietary supplement
10 products.  The purchase order listed a total purchase price of
11 $67,134.00 for these goods and stated, "**Please adjust the
12 items' price to half of their original price for custom duties
13 purpose … THANKS Jannet."

14     21.  On or about May 22, 2009, defendant UBF GROUP
15 transmitted approximately $33,567.00 to UCC #2 as a down payment
16 for the products associated with purchase order #SIR0508.

17     22.  On or about July 4, 2009, defendant UBF GROUP imported
18 the food and dietary products associated with purchase order
19 #SIR0508 into the United States from China under Customs Entry
20 #GH6-0199718-8.  The Customs entry documents falsely declared
21 the value of the import shipment as $33,559.96, approximately
22 50% of the true value of $67,134.00 noted in purchase order
23 #SIR0508.

24     23.  On or about July 9, 2009, defendants LIANG and FU
25 caused approximately $2,165.98 to be paid to United States
26 Customs officials, instead of the approximately $4,520.53 that
27 was truly due and owed by defendant UBF GROUP based upon the
28 $67,134.00 value of the goods stated in purchase order #SIR0508.

24.   On or about July 24, 2009, defendants LIANG and FU caused approximately $33,552.92 to be transmitted by wire transfer to UCC #2 as the remaining payment for the products associated with purchase order #SIR0508.

25.   On or about September 10, 2009, UCC #1 emailed UCC #3 purchase order #SIR0911 for various food and dietary supplement products.   The purchase order listed a total purchase price of $59,115.00 for these goods and stated, "**Please adjust the items' price to half of their original price for custom duties purpose … THANKS Jannet."

26.   On or about September 25, 2009, defendant UBF GROUP transmitted approximately $29,557.50 to UCC #2 as a down payment for the products associated with purchase order #SIR0911.

27.   On or about November 1, 2009, defendant UBF GROUP imported the food and dietary products associated with purchase order #SIR0911 into the United States from China under Customs Entry #GH6-0201617-8.   The Customs entry documents falsely declared the value of the import shipment as $29,550.00, approximately 50% of the true value of $59,115.00 noted on purchase order #SIR0911.

28.   On or about November 5, 2009, defendants LIANG and FU caused approximately $1,990.20 to be paid to United States Customs officials, instead of the approximately $4,142.03 that was truly due and owed by defendant UBF GROUP based upon the

$59,115.00 value of the goods stated in revised purchase order #SIR0911.

29. On or about November 10, 2009, defendants LIANG and FU caused approximately $31,942.50 to be transmitted by wire transfer to UCC #2 as the remaining payment for the products associated with purchase order #SIR0911.

30. Between on or about April 23, 2007, and on or about February 19, 2010, defendant UBF GROUP imported approximately 46 shipments of food and dietary supplement products from UCC #2 in China with a total declared value to United States Customs officials of approximately $1,378,919.00.

31. Between on or about April 23, 2007, and on or about February 19, 2010, defendant UBF GROUP transmitted approximately $2,500,000.00 to UCC #2 in China by wire transfer as payment for the approximately 46 shipments of food and dietary supplement products received from UCC #2.

COUNT TWO

[16 U.S.C. §§ 3372(d)(1) and 3373(d)(3)(A)(i); 18 U.S.C. § 2]

On or about October 9, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," knowingly made and submitted, and caused to be made and submitted, a false record, account, and label, namely, purchase and import documents falsely describing 4,000,000 seal oil soft capsules as "fish oil soft capsules," for wildlife imported, exported, transported, sold, purchased, and received from a foreign country, namely, China.

COUNT THREE

[18 U.S.C. §§ 545, 2]

Between on or about October 9, 2008, and on or about March 31, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," fraudulently and knowingly received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of merchandise, namely, seal oil, after importation, knowing that such merchandise had been imported and brought into the United States contrary to law, specifically, in violation of Section 1372(a)(4)(B) of the federal Marine Mammal Protection Act, 16 U.S.C. §§ 1361, et seq., that forbids the transportation, purchase, sale, export, and offer to purchase, sell, and export any marine mammal product for any purpose other than public display, scientific research, or enhancing the survival of a species.

COUNTS FOUR AND FIVE

[18 U.S.C. §§ 541, 2]

On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," knowingly effected the entry of goods, wares, and merchandise, upon a false classification as to their value and by the payment of less than the amount of duty legally due:

| COUNT | DATE | FALSE CLASSIFICATION AS TO VALUE | TRUE CLASSIFICATION AS TO VALUE |
|-------|------|----------------------------------|----------------------------------|
| FOUR | 7/4/09 | Approx. $33,559.96 | Approx. $67,134.00 |
| FIVE | 11/5/09 | Approx. $29,550.00 | Approx. $59,115.00 |

COUNT SIX

[21 U.S.C. §§ 331(a), 333(a)(1), and 343(a)(1); 18 U.S.C. § 2]

On or about October 9, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung" ("LIANG"), DENIAN FU, aka "Daniel Fu" ("FU"), and UBF GROUP, INC., doing business as "Nu-Health Products Company," introduced and delivered for introduction, and caused the introduction and delivery for introduction, into interstate commerce from China to the United States, with the intent to defraud and mislead, any food, namely, approximately 2,000,000 capsules of honey bee royal jelly, that was misbranded, in that it had been falsely and misleadingly labeled as capsules of "aloe vera," when in truth and in fact, as defendants LIANG, FU, and UBF GROUP, INC. knew, it was honey bee royal jelly.

COUNT SEVEN

[18 U.S.C. §§ 1956(a)(2)(A), 2]

On or about May 22, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," transported, transmitted, and transferred, and caused the transportation, transmission, and transfer, of approximately $33,057.00 from a place in the United States to a place outside the United States, namely, China, with the intent to promote the carrying on of specified unlawful activity, namely, knowingly effecting the entry of goods, wares, and merchandise, on or about July 4, 2009, upon a false classification as to their value and by the payment of less than the amount of duty legally due, in violation of Title 18, United States Code, Section 541.

COUNT EIGHT

[18 U.S.C. §§ 1956(a)(2)(A), 2]

On or about September 25, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," transported, transmitted, and transferred, and caused the transportation, transmission, and transfer, of approximately $29,557.50 from a place in the United States to a place outside the United States, namely, China, with the intent to promote the carrying on of specified unlawful activity, namely, knowingly effecting the entry of goods, wares, and merchandise, on or about November 1, 2009, upon a false classification as to their value and by the payment of less than the amount of duty legally due, in violation of Title 18, United States Code, Section 541.

FORFEITURE ALLEGATION

[18 U.S.C. §§ 545, 981(a)(1)(A), 981(a)(1)(C), 1956(a)(2)(A);

19 U.S.C. § 1595(a); and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 545, 1956(a)(2)(A), 981(a)(1)(A), and 981(a)(1)(C), Title 19, United States Code, Section 1595(a), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction under any of Counts One, Three, Seven, or Eight of this Indictment.

2.    Defendants LIN LIANG, also known as ("aka") "Lin Fu," aka "Leung Fu," aka "Liang Fu," aka "Lynn Leung," DENIAN FU, aka "Daniel Fu," and UBF GROUP, INC., doing business as "Nu-Health Products Company," shall forfeit to the United States the following property:

a.    All right, title, and interest in any and all property, real or personal:

(1)    constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense set forth in any of Counts One, Three, Seven, or Eight of this Indictment, including, without limitation, any and all property seized by law enforcement officers on or about March 30, 2010 during the execution of search warrants;

21

(2)   used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any offense set forth in any of Counts One, Three, Seven, or Eight of this Indictment, including, without limitation, any and all property seized by law enforcement officers on or about March 30, 2010 during the execution of search warrants; or

(3)   imported or brought into the United States contrary to law with respect to any offense set forth in any of Counts One or Three of this Indictment, including, without limitation, any and all property seized by law enforcement officers on or about March 30, 2010 during the execution of search warrants; and

b.   A sum of money equal to the total value of the property described above in subsection a.  For each of Counts One, Three, Seven, and Eight for which more than one defendant is found guilty, each such defendant shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as a result of any act or omission of a defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of

due diligence; (b) has been transferred or sold to, or deposited

with a third party; (c) has been placed beyond the jurisdiction

of the court; (d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be

divided without difficulty


                                    A TRUE BILL


                                    /s/
                                    _____
                                    Foreperson


ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

23